DECISION AND JOURNAL ENTRY
{¶ 1} Appellant, Steven J. Conley ("Conley"), appeals from a judgment of the Summit County Court of Common Pleas designating him a sexual predator. We affirm.
 I. {¶ 2} Conley was indicted and charged with three rapes in violation of R.C. 2907.02(A)(1)(b), three counts of gross sexual imposition in violation of R.C. 2907.05(A)(4), and three counts of attempted rape. The indictments named Conley's ten year old daughter as his victim; the charges arose from events occurring on November 1, 1999, November 2, 2002, November 3, 2002, and June 12, 2002. On June 20, 2003, after his trial had commenced, and several witnesses had testified, Conley pled guilty to an amended count one, the rape charge from November 2, 2002. All other charges were dismissed in exchange for the plea and the trial court sentenced Conley to ten years incarceration.
 {¶ 3} Subsequent to the sentencing, the trial court conducted a sexual predator hearing. The transcript of the hearing demonstrates the following: the state presented evidence of Conley's prior convictions for child endangering, aggravated menacing, domestic violence, theft, possession of cocaine, and possession of drugs. At the time of Conley's arrest on the rape charges, he had been sentenced to one year in prison for a fourth degree felony theft and was serving that sentence at the time of the sexual predator hearing. The state asked the court to take judicial notice of the testimony heard at trial. As further factors for consideration, the state also raised the age of the victim, the multiple acts of rape occurring over several years, Conley's age, the parental relationship, and his order to the victim not to tell anyone. In response, Conley stated that the court had "enough evidence * * * to make this determination without calling further witnesses." Conley argued that, because he pled to only one count of rape, only that charge should be considered for purposes of a sexual predator designation; in addition, his prior convictions were not for crimes of a sexual nature. Conley further argued that there was no evidence presented at trial or at the hearing to indicate he would likely engage in future sexual offenses.
 {¶ 4} As indicated in the transcript, the trial court found that Conley was a sexual predator due to the offender's age, the victim's age, the parental relationship, the fact that Conley was already on probation for other crimes, and the number of charges brought against him. The trial court also stated that "there is testimony in the record that it was a continuing action even though he pled to only one act[.]" In its journal entry, the trial court cited the age of the victim, the parental relationship, and Conley's prior convictions as cause to designate him a sexual predator. Conley timely appealed, raising one assignment of error.
 II. Assignment of Error
"There was insufficient evidence to support the court's determination that appellant is a sexual predatory (sic)."
 {¶ 5} Appellant argues that when applying the factors of R.C.2950.09 to the facts of his case, there is insufficient evidence to demonstrate, by clear and convincing evidence, that he is a sexual predator. More specifically, Appellant claims that there was no evidence to indicate that he is likely to commit sexually oriented offenses in the future. Further, Appellant argues that the only criteria cited by the court to support its findings was the age of the offender and his father/child relationship with the victim.
 {¶ 6} A sexual predator is defined as a person who "has been convicted of or pleaded guilty to committing a sexually oriented offense and is likely to engage in the future in one or more sexually oriented offenses." R.C. 2950.01(E)(1).
"In making a determination * * * as to whether an offender * * * is a sexual predator, the judge shall consider all relevant factors, including, but not limited to, all of the following:
"(a) The offender's * * * age;
"(b) The offender's * * * prior criminal or delinquency record regarding all offenses, including, but not limited to, all sexual offenses;
"(c) The age of the victim of the sexually oriented offense for which sentence is to be imposed or the order of disposition is to be made;
"(d) Whether the sexually oriented offense for which sentence is to be imposed or the order of disposition is to be made involved multiple victims;
"(e) Whether the offender * * * used drugs or alcohol to impair the victim of the sexually oriented offense or to prevent the victim from resisting;
"(f) If the offender * * * previously has been convicted of or pleaded guilty to, * * * a criminal offense, whether the offender * * * completed any sentence or dispositional order imposed for the prior offense or act and, if the prior offense or act was a sex offense or a sexually oriented offense, whether the offender * * * participated in available programs for sexual offenders;
"(g) Any mental illness or mental disability of the offender * * *;
"(h) The nature of the offender's * * * sexual conduct, sexual contact, or interaction in a sexual context with the victim of the sexually oriented offense and whether the sexual conduct, sexual contact, or interaction in a sexual context was part of a demonstrated pattern of abuse;
"(i) Whether the offender * * *, during the commission of the sexually oriented offense for which sentence is to be imposed or the order of disposition is to be made, displayed cruelty or made one or more threats of cruelty;
"(j) Any additional behavioral characteristics that contribute to the offender's * * * conduct." R.C. 2950.09(B)(3).
 {¶ 7} In order for a sexual offender to be labeled a sexual predator, the state must prove by clear and convincing evidence that the offender has been convicted of a sexually oriented offense and that the offender is likely to be a repeat sexual offender in the future. State v. Eppinger (2001),91 Ohio St.3d 158, 163.
 {¶ 8} "The appropriate standard of review to be applied in sexual predator adjudications is the clearly erroneous standard."State v. Unrue, 9th Dist. No. 21105, 2002-Ohio-7002, at ¶ 6, appeal not allowed, 98 Ohio St.3d 1540, 2003-Ohio-1946. "On appeal, this court must review whether the evidence presented at the hearing, if believed, was sufficient to lead a reasonable trier of fact to conclude by clear and convincing evidence that the defendant is a sexual predator." State v. Royston (Dec. 15, 1999), 9th Dist. No. 19182, at 20, appeal not allowed (2000),88 Ohio St.3d 1481.
 {¶ 9} The transcript of the sexual predator hearing indicates that all parties and the trial court relied upon certain evidence presented in the trial; however, the record on appeal before this court does not contain a transcript of that proceeding. Pursuant App.R. 9 and Loc.R. 5, an appellant bears the burden of ensuring that the record necessary to determine the appeal is before the appellate court. State v. McCowan, 9th Dist. No. 02CA008124, 2003-Ohio-1797, at ¶ 6. If the record is incomplete, a reviewing court must presume that the trial court acted with regularity and with sufficient evidence to support its findings. Id. Therefore, based on that presumption, we find that no clear error in the trial court's finding that the evidence was sufficient to produce a firm belief or conviction of the likelihood that Conley will commit one or more sexually oriented offenses and that he should be adjudicated a sexual predator. Conley's assignment of error is overruled.
 III. {¶ 10} Appellant's sole assignment of error is overruled. The judgment of the Summit County Court of Common Pleas is affirmed.
Judgment affirmed.
Whitmore, J. and Batchelder, J. concur.