OPINION
{¶ 1} Appellant, Terri L. Waclawski ("Mother"), appeals from the judgment of the Lake County Court of Common Pleas Division of Domestic Relations. For the reasons that follow, we affirm.
 {¶ 2} Mother and Appellee, David Waclawski ("Father"), were divorced on April 5, 2002. On that same day the trial court entered a Shared Parenting Decree that incorporated a shared parenting plan wherein each party essentially enjoyed equal time with the parties' minor son Evan, d.o.b. 1-4-00. On January 6, 2004, Mother filed a motion requesting to be designated residential parent of Evan. On May 5, 2004, Father filed a motion to modify the parental rights allocation and sought to terminate the shared parenting plan. On September 8, 2004, Mother filed a motion requesting permission from the court to move the minor child's residence to the state of Michigan. Each of these motions came on for a series of continued hearings before a magistrate beginning in September, 2004 and ending in December, 2004. The magistrate's decision was entered on April 20, 2005. On August 4, 2005, the trial court adopted the magistrate's decision terminating the shared parenting plan, awarding legal custody to Father and denying Mother's request to move the minor child's residence to Michigan. Mother appeals asserting the following assignments of error:
 {¶ 3} "[1.] THE COURT ERRED AND COMMITTED AN ABUSE OF DISCRETION IN LOOKING TO FIND A CHANGE IN CIRCUMSTANCES FROM THE FILING OF THE DIVORCE DECREE TO THE TIME OF FILING THE MOTION FOR RESIDENTIAL PARENT.
 {¶ 4} "[2.] THE COURT ERRED AND COMMITTED AN ABUSE OF DISCRETION IN ALLOWING THE TESTIMONY OF DR. MICHAEL LEACH AND/OR THE ADMITTANCE OF HIS REPORT.
 {¶ 5} "[3.] THE COURT ERRED AND COMMITTED AN ABUSE OF DISCRETION IN DISMISSING MOTHER'S OBJECTIONS TO THE MAGISTRATE'S DECISION OF APRIL 20, 2005.
 {¶ 6} "[4.] THE COURT ERRED AND COMMITTED AN ABUSE OF DISCRETION IN IMPUTING INCOME TO THE APPELLANT-DEFENDANT.
 {¶ 7} "[5.] THE COURT ERRED AND COMMITTED AN ABUSE OF DISCRETION IN GRANTING APPELLEE-PLAINTIFF'S OBJECTIONS TO THE MAGISTRATE'S DECISION OF NOVEMBER 2, 2004."
 {¶ 8} We will address Mother's first and third assignments of error together.
 {¶ 9} Mother's first assignment of error states: "THE COURT ERRED AND COMMITTED AN ABUSE OF DISCRETION IN LOOKING TO FIND A CHANGE IN CIRCUMSTANCES FROM THE FILING OF THE DIVORCE DECREE TO THE TIME OF FILING THE MOTION FOR RESIDENTIAL PARENT."
 {¶ 10} Mother's third assignment of error states: "THE COURT ERRED AND COMMITTED AN ABUSE OF DISCRETION IN DISMISSING MOTHER'S OBJECTIONS TO THE MAGISTRATE'S DECISION OF APRIL 20, 2005."
 {¶ 11} On April 20, 2005, the magistrate issued its decision on the following motions: (1) Mother's motion to designate herself as residential parent, (2) Father's motion to modify the allocation of parental rights and responsibilities and motion to terminate the shared parenting plan, (3) Mother's motion to move the residence of the minor child to the state of Michigan. Mother filed objections to the magistrate's decision on May 4, 2005.[1] Mother supplemented the record for the previously filed objections on June 30, 2005. On July 22, 2005, the trial court denied and dismissed Mother's objections to the magistrate's April 20, 2005 decision. In doing so the trial court found that Mother only filed a partial transcript containing seventy-six pages of selected testimony from a four-day trial. The trial court determined that Mother's objections challenged the magistrate's findings of fact. Mother challenges those same findings of fact in her first assignment of error.
 {¶ 12} The trial court went on to hold that without the entire transcript it was unable to judge the appropriateness of the magistrate's findings of fact. We are faced with the same difficulty in this appeal. Mother filed the same seventy-six pages of selected transcript filed with the trial court as the record in this appeal. A review of this record reveals that it is insufficient on which to form an opinion as to the weight of the evidence and whether or not the trial court abused its discretion in rendering its decision. As a result, we are constrained to review this matter within the confines of the magistrate's findings of fact as determined on April 20, 2005.
 {¶ 13} App. R. 9(B) provides in part: "If the appellant intends to urge on appeal that a finding or conclusion is unsupported by the evidence or is contrary to the weight of the evidence, the appellant shall include in the record a transcript of all evidence relevant to the findings or conclusion." Similarly, Civil Rule 53(E)(3)(c) provides in part: "Any objection to a finding of fact shall be supported by a transcript of all the evidence submitted to the magistrate relevant to that fact * * *."
 {¶ 14} Mother's assertion that the magistrate and subsequently the trial court erred in its decision to terminate the shared parenting plan is evidence-dependent. The very nature of the argument that the trial court erred is factually based and requires an analysis of the magistrate's findings of fact. Mother apparently acknowledges such by referring to testimony and facts which this court can only assume are part of the missing trial court record. Absent a complete record which would enable a comprehensive evaluation, the reviewing body is required to accept the findings of fact as determined by the original adjudicator. State v. Conley, 9th Dist. No. 21670,2004-Ohio-1228 at ¶ 9, Swain v. Swain, 4th Dist. No. 05CA740,2005-Ohio-4321 at ¶ 18. Therefore, it was not error for the trial court to deny and dismiss Mother's objections based on the fact that she failed to file the complete transcript record because the very nature of her objections required a review of the evidence and fact-finding. Absent a complete record, the trial court was unable to complete this task and compelled to adopt the magistrate's findings of fact.
 {¶ 15} This court has now been placed in a similar position. The record submitted by Mother does not provide an opportunity for this court to thoroughly review the trial testimony. As such, we are faced with evaluating a fact-finding assignment of error without the necessary tools, i.e., a complete record. However, Mother's first assignment of error fails on its face.
 {¶ 16} Mother refers to R.C. 3109.04(E)(1)(a) as controlling statutory authority for the termination of the shared parenting plan. This reference is in error. The correct statutory code is R.C. 3109.04(E)(2)(c). The code section cited by Mother, R.C.3109.09(E)(1)(a), governs the modification of shared parenting plans. In this case the trial court, upon Father's motion to terminate the shared parenting plan and Mother's cross-motion to be named residential parent, terminated the shared parenting plan. The trial court did not modify the shared parenting plan and thus no finding of change of circumstances was required.
 {¶ 17} Ohio Revised Code 3109.04(E)(2)(c) provides in part: "The court may terminate a prior final shared parenting decree that includes a shared parenting plan approved under division (D)(1)(a)(i) of this section upon the request of one or both of the parents or whenever it determines that shared parenting is not in the best interest of the children. The court may terminate a prior final shared parenting decree that includes a shared parenting plan approved under division (D)(1)(a)(ii) or (iii) of this section if it determines, upon its own motion or upon the request of one or both parents, that shared parenting is not in the best interest of the children."
 {¶ 18} This court has previously held that in accordance with R.C. 3109.04(E)(2)(c), a trial court does not need to delve into whether there has been a change in circumstances prior to terminating a shared parenting plan. Brannon v. Brannon (June 27, 1997), 11th Dist. No. 96-T-5572, 1997 Ohio App. LEXIS 2897, at 7-8. Rather, the trial court need only examine whether or not the termination of the shared parenting plan is in the child's best interest. Winfied v. Winfied, 11th Dist. No. 2002-L-010,2003-Ohio-6771, at ¶ 32; Moore v. Moore (March 27, 1998), 11th Dist. No. 97-P-0008, 1998 Ohio App. LEXIS 1268, at 17, citing,Brannon, supra, at 7-8; See also, R.C. 3109.04(E)(2)(c). Once a trial court determines that shared parenting is no longer in the best interest of the minor child, the court must then allocate the parental rights and responsibilities for the care of the minor child. See, R.C. 3109.04(E)(2)(d).
 {¶ 19} The factors to be weighed in consideration of the child's best interest when making a parental rights and responsibilities allocation are set forth in 3109.04(F)(1)(a) through (j) as: "(a) The wishes of the child's parents regarding the child's care; (b) * * * the wishes and concerns of the child, as expressed to the court; (c) The child's interaction and interrelationship with the child's parents, siblings and any other person who may significantly affect the child's best interest; (d) The child's adjustment to the child's home, school, and community; (e) The mental and physical health of all persons involved in the situation; (f) The parent more likely to honor and facilitate court-approved parenting time rights or visitation and companionship rights; (g) Whether either parent has failed to make all child support payments * * *; (h) Whether either parent previously has been convicted of or pleaded guilty to any criminal offense involving any act that resulted in a child being an abused child or a neglected child * * *; (i) Whether the residential parent or one of the parents subject to a shared parenting decree has continuously and willfully denied the other parent's right to parenting time in accordance with an order of the court; (j) Whether either parent has established a residence, or is planning to establish a residence, outside this state."
 {¶ 20} There are also additional statutory factors to consider when evaluating a shared parenting plan. These additional factors are set forth in R.C. 3109.04(F)(2) (a-e) as: "(a) The ability of the parents to cooperate and make decisions jointly, with respect to the children; (b) The ability of each parent to encourage the sharing of love, affection, and contact between the child and the other parent; (c) Any history of, or potential for, child abuse, spouse abuse, other domestic violence, or parental kidnapping by either parent; and (d) The geographic proximity of the parents to each other, as the proximity relates to the practical considerations of shared parenting; (e) The recommendation of the guardian ad litem of the child, if the child has a guardian ad litem."
 {¶ 21} Since we must accept the magistrate's findings of fact as entered in the decision of April 20, 2005 due to the incomplete record, we are constrained in our review. After this limited review, we find that the magistrate properly considered all of these best interest factors. In fact, the decision sets forth a detailed analysis of each factor listed in R.C.3109.04(F)(1)(a) through (j) followed by a detailed analysis of each factor listed in R.C. 3109.04(F)(2)(a) through (e). Mother alleges that the trial court "* * * based its decision solely on an incorrect assumption that Mother will inevitably move to the state of Michigan." In reviewing the trial court's decision, it appears that it was not based on this single assumption but rather on the plethora of factors weighing against maintaining the shared parenting plan.
 {¶ 22} Specifically, the magistrate acknowledged numerous considerations in the findings of fact related to the allocation of parental rights. First, the magistrate noted that the child was well-adjusted to his home life with Father. "The residence has a large yard, with neighbors, kindergarten is a block away, a playground is close by, and the child interacts with neighborhood children in a positive manner." The magistrate also found the minor child to have a strong bond with the paternal grandparents. The magistrate found, based on the testimony of Ian's pre-school teacher, that mother's constant presence on pick-up and drop-off times at school caused Ian to be "uneasy" and "confused." The magistrate acknowledged a "severely strained" relationship between Mother and the paternal grandparents as well as a complete lack of communication between Mother and Father. The magistrate noted that Mother secretly videotapes the exchanges of the minor child without the knowledge of the Father. In regards to the evaluation performed by Dr. Michael Leach, a psychologist appointed for custody evaluation purposes, the court noted first that Mother was reluctant to meet with Dr. Leach. The court further noted Mother's refusal to allow her estranged daughter to be interviewed for the evaluation. The magistrate took note of Dr. Leach's impression of Mother as "unusually defensive with an extreme degree of self confidence." Dr. Leach further opined, "[M]other is unaware of how she provokes others, is not aware when she is antagonistic, sees herself as `deserving' what she wants, has difficulty understanding others opinions, believes her problems are caused by others, has a strong need to be in charge, lacks empathy, and is self-centered." The court took note of the fact that according to Dr. Leach, Mother often confuses her needs with the needs of the minor child while Father responds appropriately to the needs of the child as opposed to his own wants and needs. Based on the findings of fact as written in its decision, the magistrate then concludes that, as a matter of law, the best interest of the child is better served by terminating the shared parenting plan and granting custody to Father. The court cited the following factors in support of that conclusion: "the mental health of the mother, the recommendations of Dr. Robert Leach, the inability of the parents to communicate, the conclusions by Dr. Leach regarding the mental health of the parents * * *."
 {¶ 23} In addition, we should note that contemplation of Mother's expressed plan to move to Michigan is within the statutory realm of factors the trial court is permitted to consider. Specifically, R.C. 3109.04(F)(1)(j) sets forth "[W]hether either parent has established a residence, or is planning to establish a residence, outside this state" as a factor to be considered in determining the child's best interest. Further, it is important to note that Mother's motion to move the child's residence to Michigan was not filed until five months after Father filed his motion to modify the parental allocation and motion to terminate the shared parenting plan.[2] Even more important, Mother's motion to be designated residential parent preempted both subsequent motions. As a result, even discounting Mother's expressed intention to move to Michigan, the court was still required to rule on the previous motions, both of which in essence sought the court termination of the shared parenting plan. Essentially, it was a result of the pleadings that placed the court in the position to determine whether to terminate or uphold the shared parenting plan; not the expressed desire of Mother to relocate to Michigan.
 {¶ 24} As we are constrained to review Mother's first assignment of error on the limited record before us and therefore are further required to accept the magistrate's findings of fact, we cannot agree that the trial court changed the custody arrangements solely "based upon Mother's request to move to Michigan." It appears that the decision was rooted first at the request of Father in his motion to terminate the shared parenting plan and further on an evaluation of the best interest of the minor child as guided by the statutory factors.
 {¶ 25} Mother's first and third assignments of error are without merit.
 {¶ 26} Mother asserts as her second assignment of error: "THE COURT ERRED AND COMMITTED AN ABUSE OF DISCRETION IN ALLOWING THE TESTIMONY OF DR. MICHAEL LEACH AND/OR THE ADMITTANCE OF HIS REPORT."
 {¶ 27} Specifically, Mother argues that the trial court failed to follow R.C. 3109.04(C) which states in part: "Prior to trial, the court may cause an investigation to be made as to the character, family relations, past conduct, earning ability, and financial worth of each parent and may order the parents and their minor children to submit to medical, psychological, and psychiatric examinations. The report of the investigations and examinations shall be made available to either parent or the parent's counsel of record not less than five days before trial, upon written request."
 {¶ 28} Generally, the admissibility of evidence is best determined by the trial court and absent an abuse of discretion, it will not be overturned. State v. Sage (1987),31 Ohio St.3d 173, 180, 510 2d 343. Abuse of discretion "implies an attitude on the part of the trial court that is unreasonable, arbitrary or unconscionable." Ruwe v. Bd. of Township Trustees (1987),29 Ohio St.3d 59, 61, 505 2d 957.
 {¶ 29} Dr. Michael Leach was appointed by the court initially during the original divorce action between Mother and Father. Dr. Leach was again appointed by the court to conduct a psychological evaluation for custody purposes on September 17, 2003. Dr. Leach submitted a report to the Court on January 6, 2004 and an updated report on October 6, 2004.
 {¶ 30} A review of the sparse record provided in this case does not indicate that Mother objected to the admission of a report rendered by Dr. Leach. Ohio Evid. R. 103(A) states:
 {¶ 31} "Error may not be predicated upon a ruling which admits or excludes evidence unless a substantial right of the party is affected, and
 {¶ 32} "(1) Objection. In case the ruling is one admitting evidence, a timely objection or motion to strike appears of record stating the specific ground of objection, if the specific ground was not apparent from the context. * * *"
 {¶ 33} In general, a reviewing court will only review those matters which were raised at the trial court level. StoresRealty Co. v. Cleveland Bd. Bldg. Standards and Bldg. App.
(1975), 41 Ohio St.2d 41, 43, 322 2d 629.
 {¶ 34} Furthermore, in review of the barren record before us, there is nothing to suggest that Mother ever requested in writing a report from Dr. Leach. The statute clearly states that the report "shall be made available * * * upon written request." Since as far as the record on appeal shows, Mother failed to object to the admission of the written report and failed to request in writing to view the report of Dr. Leach, we cannot find that the trial court abused its discretion in allowing the admission of his report. Furthermore, it is apparent from the record before us that Mother was provided and took advantage of the opportunity to cross-examine Dr. Leach in regards to his report. We cannot agree that the admission of Dr. Leach's testimony and report were an abuse of discretion.
 {¶ 35} Mother's second assignment of error is without merit.
 {¶ 36} Mother's fourth assignment of error states: "THE COURT ERRED AND COMMITTED AN ABUSE OF DISCRETION IN IMPUTING INCOME TO THE APPELLANT-DEFENDANT."
 {¶ 37} The magistrate's decision regarding this income imputation to Mother was entered on November 2, 2004. Mother failed to file or raise any objections to this magistrate's decision. The trial court modified the magistrate's decision as prompted by one of Father's assigned objections and adopted the remainder of the magistrate's order. Again, no reference is made to any objection by Mother in the trial court judgment entry of July 20, 2005 regarding the child support order.
 {¶ 38} Civ. R. 53(E)(3)(a) requires a party objecting to a magistrate's decision to object within fourteen days of the filing of the decision. Civ.R. 53(E)(3)(d) provides, in relevant part: "A party shall not assign as error on appeal the court's adoption of any finding of fact or conclusion of law unless the party has objected to that finding or conclusion under this rule." Therefore, when an appellant fails to object to the magistrate's decision properly in the trial court, the appellant is refrained from asserting those claims in the reviewing court.State ex rel. Booher v. Honda of Am. Mfg., Inc. (2000),88 Ohio St.3d 52, 53-54; see, also, In Re The Estate of Thut, 11th Dist. No. 2004-L-138, 2005-Ohio-4647, ¶ 24. As such, we are prohibited from addressing any assigned error arising from the magistrate's decision of November 2, 2004 since proper objections were never filed by Mother.
 {¶ 39} Mother's fourth assignment of error is without merit.
 {¶ 40} Mother asserts in her fifth assignment of error: "THE COURT ERRED AND COMMITTED AN ABUSE OF DISCRETION IN GRANTING APPELLEE-PLAINTIFF'S OBJECTIONS TO THE MAGISTRATE'S DECISION OF NOVEMBER 2, 2004."
 {¶ 41} Mother argues that Father's objections should have been dismissed as he failed to file a complete transcript. As stated previously herein, in the absence of a full transcript upon which to review a magistrate's decision, the trial court must accept the magistrate's findings of fact. Father timely objected to the magistrate's November 2, 2004 decision. Father failed to produce a transcript for the trial court to review simultaneous with the objections. Therefore, the trial court indicated: "[D]ue to the absence of a transcript, the facts are as determined by the Magistrate in her decision." The court then goes on to find that the magistrate erred as a matter of law in determining the appropriate child support deviation percentage for Father. Since we cannot review the record, we can only conclude that the trial court did not commit an abuse of discretion in adopting the magistrate's findings of fact and finding error as a matter of law.
 {¶ 42} Mother's fifth assignment of error is without merit.
 {¶ 43} For the reasons stated in the Opinion of this court, the assignments of error are without merit, and it is the judgment and order of this court that the judgment of the Lake County Court of Common Pleas is affirmed.
William M. O'Neill, J., concurs, Colleen M. O'Toole, J., concurs in judgment only.
[1] Notably, Mother's objections were filed outside the fourteen (14) day requirement pursuant to Rule 53(E)(3)(a).
[2] Father's motion was filed May 4, 2004 and Mother's motion to move the residence of the minor child was not filed until September 8, 2004.