[Cite as *Meffe v. Griffin*, 2013-Ohio-4631.]

# IN THE COURT OF APPEALS

# ELEVENTH APPELLATE DISTRICT

# TRUMBULL COUNTY, OHIO

| | | |
|---|---|---|
| MARY J. MEFFE, et al., | : | **O P I N I O N** |
| Plaintiff-Appellee, | : | |
| - vs - | : | **CASE NO. 2013-T-0031** |
| DAVID GRIFFIN a.k.a. | : | |
| DAVE GRIFFIN, et al., | | |
| | : | |
| Defendants-Appellants. | | |

Civil Appeal from the Trumbull County Court of Common Pleas, Case No. 2010 CV 02891.

Judgment: Affirmed.

*Frank R. Bodor*, 157 Porter Street, N.E., Warren, OH 44483; and *Michael E. Bloom*, 5603 Mahoning Avenue, Warren, OH 44483 (For Plaintiff-Appellee).

*Gary J. Rosati*, Rosati Law Office, LLC, 860 Boardman-Canfield Road, Suite 102, Boardman, OH 44512 (For Defendants-Appellants).

THOMAS R. WRIGHT, J.

{¶1} This is an appeal from the Trumbull County Court of Common Pleas. Following trial, judgment was entered awarding plaintiff-appellee Mary Meffe $10,560 resulting from appellants', David Griffin, Donald Griffin, Sr., and Big D's of Ohio, Inc., trespass of Meffe's property. On appeal, appellants allege that the verdict is against the manifest weight of the evidence in multiple respects, challenge Meffe's standing to

bring suit, assert that the awarding of treble damages was in error, and that a jury instruction prejudiced appellants' rights.  For the following reasons, we affirm.

{¶2}   This suit centers around Lot 183, located in the mid-800's section on N. River Rd. in Warren, Ohio.  On one side of Lot 183 sits Mary Meffe's house; on the other side of Lot 183, there is appellants' bar, Bushwhacker's Bar.  Before June of 2010, Lot 183 was a vacant lot covered with trees, shrubs, and rubble.  At some point in June 2010, David Griffin began to make improvements to the bar's parking lot by applying a layer of "grindings"[1] to the pavement.

{¶3}   During the process of laying down the grindings, he entered onto Lot 183. To help prepare for the construction of the parking lot, David Griffin removed rubble, tree, briars, bushes, and saplings from Lot 183.  In response to David's conduct, Judith Maloney, an owner of Lot 183, requested the Warren Township Police Department to force David Griffin to cease his conduct insofar as it interfered with Lot 183.  Meffe noticed the altercation occurring between appellants and Maloney, and therefore sought to buy the property to preserve the buffer between her house and the bar. Appellants also sought to buy Lot 183 for their bar.

{¶4}   On July 7, 2010 Judith Maloney and her sister Kathryn Puskar executed the deed to Lot 183, transferring it to Mary Meffe.  On July 8, 2010, Mary Meffe paid the escrow agent, who subsequently filed the deed in the recorder's office.  According to Meffe's testimony, David Griffin continued clearing out rubble and laying the grindings down until July 8th or 9th against Meffe's objections and display of a "no trespassing"

---

1.  According to appellants, "[g]rindings are ground-up asphalt that is often-times used as a base for asphalt paving."

2

sign that Meffe recently erected. Appellants allege that they did not conduct any activities on Lot 183 after Meffe acquired ownership of Lot 183.

{¶5}   After a survey of Lot 183 was conducted, it became apparent that David Griffin had put grindings three to five feet across the property line separating the bar and Lot 183. As a result of the grindings and various debris that had travelled from the bar onto Lot 183,[2] Meffe purchased tools and supplies to remove the grindings, and contracted help to clear the dead and dying trees, dislodge the grindings, and remove the bar debris on Lot 183. A trial ensured and a jury determined that the appellants had trespassed onto Meffe's property, removed or destroyed at least one tree, bush or sapling, and awarded Meffe $3,520 in damages. The trial court subsequently awarded treble damages resulting in a $10,560 judgment against appellants.

{¶6}   Because appellants have failed to provide a complete transcript of the trial necessary for the resolution of all assignments of error, this court will consolidate the first six assignments of error and then address the seventh assignment of error. As appellant's first, second, third, fourth, fifth, and sixth assignments of error, appellants allege the following:

{¶7}   "The Jury's determination that Plaintiff/Appellant (sic) Mary Meffe was entitled to damages because Defendant/Appellee, (sic) David Griffin, acted recklessly when he caused injury to bushes, shrubs, saplings, or trees standing on Lot 183 was against the manifest weight of the evidence."

{¶8}   "The trial court committed prejudicial and reversible error when it granted plaintiff/appellee Mary Meffe treble damages pursuant to the O.R.C. §901.51 as Mary

---

2. The transcript indicates certain beer bottles came from the bar, but it is unclear whether the bottles came onto Lot 183 from patrons or appellants' conduct.

3

Meffe had no standing to object to reckless conduct on Lot 183 which occurred prior to her purchase of the property."

{¶9} "The trial court committed prejudicial and reversible error when it granted plaintiff/appellee Mary Meffe treble damages pursuant to O.R.C. §901.51 when the Jury gave no damages for the diminution in value of the subject real estate."

{¶10} "The Jury's award of damages to the appellee for the costs of removing vegetation, grindings and debris from Lot 183 is contrary to the doctrine of caveat emptor and against the manifest weight of the evidence."

{¶11} "The Jury's award of damages to the appellee for her costs of removing grindings from Lot 183 is contrary to the doctrine of mitigation and against the manifest weight of the evidence."

{¶12} "The Jury's finding that David Griffin was acting as an agent of Donald Griffin Sr. and/or Big D's of Ohio, Inc. was against the manifest weight of the evidence."

{¶13} Appellants have provided only a partial trial transcript, the missing parts of which are necessary to resolve all of the assignments of error. An appellant has the duty to provide a transcript for appellate review. *Knapp v. Edwards Laboratories*, 61 Ohio St.2d 197, 199, 400 N.E.2d 384 (1980). "When portions of the transcript necessary for resolution of assigned errors are omitted from the record, the reviewing court has nothing to pass upon and thus, as to those assigned errors, the court has no choice but to presume the validity of the lower court's proceedings, and affirm." *Id.*; *see also*, *Waclawski v. Waclawski*, 11th Dist. Lake No. 2005 L-139, 2006-Ohio-3213, ¶14.

4

{¶14} In regard to the manifest weight, Meffe's standing to bring suit, and treble damages challenges, Meffe alleges testimony from various witnesses, whose testimony was not included in the transcripts provided by appellants, would tend to establish facts that helped Meffe defend against the assignments of error. Because of the incomplete transcript provided, Meffe requests that we presume the trial proceedings were validly conducted and affirm the trial judgment. Appellants do not contest plaintiff's characterization of the missing testimony; instead, appellants allege that Meffe's admissions during the trial sufficiently establish the relevant facts, and that the other requested transcripts would be unduly cumulative or irrelevant.

{¶15} We agree with Meffe. Without the additional transcripts of the witnesses this court has no way of assessing the relevancy of any of the testimony of the witnesses, or even whether the transcripts would be unduly cumulative. Though witnesses may testify to the same facts, they may do so in different ways and these differences affect both the credibility and reliability of other witnesses' testimony. With these particular assignments of error, in a case built on testimony, the testimony of these witnesses is crucial to understanding the facts of the case and the weight to place on various parts of witness testimony.

{¶16} Moreover, for appellants' challenge to Meffe's standing in the second assignment of error, the partial transcripts contain credible evidence that indicates the verdict is not against the manifest weight of the evidence.[3] In civil cases, when conducting a manifest weight of the evidence review, the court of appeals should affirm

---

3. Appellants frame their argument as a challenge to standing. However, appellants' standing challenge ultimately turns on whether there was a continued trespass on Lot 183 when Meffe owned the property. Because a determination of the continued trespass would attack the jury verdict, we have elected to treat the error as a challenge based on the manifest weight of the evidence.

5

a decision that "'is supported by some competent, credible evidence.'" *Bryan-Wollman v. Domonko*, 115 Ohio St.3d 291, 2007-Ohio-4918, 874 N.E.2d 1198, ¶3, quoting *State v. Wilson*, 113 Ohio St.3d 382, 2007-Ohio-2202, 865 N.E.2d 1264. Further, a court has a duty to presume findings of fact are correct. *Seasons Coal Co., Inc. v. Cleveland*, 10 Ohio St.3d 77, 80-81, 461 N.E.2d 1273 (1984). Finally, "[a] reviewing court should not reverse a decision simply because it holds a different opinion concerning the credibility of the witnesses and evidence submitted before the trial court. A finding of an error in law is a legitimate ground for reversal, but a difference of opinion on credibility of witnesses and evidence is not." *Id.* at 81.

{¶17} Appellants argue that Meffe has no standing to challenge activity that occurred before Meffe acquired the property, unless the record demonstrates a continuing trespass that occurred before and is ongoing after Meffe acquires ownership. Appellants' argument therefore hinges on there being no credible evidence to support the claim of a continuing trespass during the period of Meffe's ownership. Generally, to recover on a claim of trespass, the plaintiff must have possession of the land at the time of the trespass. *Northfield Park Assoc. v. Northeast Ohio Harness*, 36 Ohio App.3d 14, 521 N.E.2d 466 (1987). However a "quasi-exception" to the contemporaneous possession rule exists where, "even though the trespass began prior to the plaintiff's taking possession, . . . the defendant's trespass continues after the plaintiff takes possession." *Abraham v. BP Exploration & Oil, Inc.*, 149 Ohio App.3d 421, 2002-Ohio-4392, ¶17 (10th Dist.). A continuing trespass occurs when "the defendant's tortious activity is ongoing, perpetually creating fresh violations of the

plaintiff's property rights." *Adams v. Pitorak & Cohen Investments, Ltd.*, 11th Dist. Geauga No. 2011-G-3019, 2012-Ohio-3015, ¶64 (citation omitted).

{¶18} Here, testimony reveals that David Griffin entered Lot 183 and continuously laid down grindings both before and after Meffe acquired the property. To accept appellants' assignment of error we would have to reject the deference that must be given to the jury's assessment of credibility.

{¶19} Accordingly, appellants' first, second, third, fourth, fifth, and sixth assignments of error are without merit.

{¶20} As appellants' seventh assignment of error, they allege that:

{¶21} "It was an abuse of discretion for the trial court to instruct the jury to consider only damages which incurred [*sic*] after the appellee purchased Lot 183 and that the instructions given the Jury [*sic*] were contrary to the law and likely to have misled the jury on a matter materially affecting the appellants' rights."

{¶22} Appellants' challenge of the jury instruction fails for same transcript problems as the other assignments of error. Appellants have challenged a jury instruction relating to damages to Lot 183, but have not provided a transcript of the jury instruction. Griffin claims that statements made during his closing argument sufficiently show the content of the objectionable instructions. We disagree. An appeal of a jury instruction cannot be made with just an objection to a jury instruction made in a hearing conducted outside the presence of the jury. Without the exact wording of the jury instruction plainly available for the court to review, we cannot determine the jury instruction's validity or even what appellants are specifically appealing. We therefore presume the regularity of the proceedings below.

7

**{¶23}** Griffin's seventh assignment of error is without merit.

**{¶24}** According, the judgment of the Trumbull County Court of Common Pleas is affirmed.

DIANE V. GRENDELL, J.,

CYNTHIA WESTCOTT RICE, J.,

concur.